**Zulfigar NOTTA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 01–70451.**

**INS No. A70–778–814.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 25, 2002.

Before B. FLETCHER, T.G. NELSON, and RICHARD C. TALLMAN, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM \*\*

Zulfigar Notta, a native and citizen of Pakistan, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation under 8 U.S.C. § 1158(a) and 1253(h). We have jurisdiction under 8 U.S.C. § 1105a(a).[1] Because the BIA conducted an independent review of the record, we review the BIA's decision for substantial evidence. *De Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997). We must uphold the BIA's decision unless the evidence compels a contrary result. *Id.* We deny the petition.

The BIA gave specific and cogent reasons for questioning Notta's credibility. *See id.* Because Notta's testimony regarding the facts of his alleged kidnaping by members of the Islami Jamoori Ithiyad political party contained specific and material discrepancies going to the heart of his asylum claim, substantial evidence supports the BIA's adverse credibility determination. *See id.* at 393–94.

Accordingly, the record does not compel the conclusion that Notta was persecuted or reasonably fears persecution on account of an enumerated ground. *See Sangha v. INS*, 103 F.3d 1482, 1490 (9th Cir.1997).

Because Notta failed to establish eligibility for asylum, he necessarily did not meet the higher standard for withholding of deportation. *See Kazlauskas v. INS*, 46 F.3d 902, 907 (9th Cir.1995).

---

1. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997), this court has jurisdiction under 8 U.S.C. § 1105a(a).

We have considered Notta's remaining contentions and conclude that they lack merit.

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.